## No. 10,814.

43 407<br>49 773

### STATE OF LOUISIANA VS. JACK WILLIS.

The defendant was charged with burglary, under Section 850 of the Revised Statute,
" whoever, with intent to kill, rob," etc.

The trial judge followed the language of the Statute in his charge to the jury.

There was no necessity to charge that it was essential to find that the accused had
acted with " malice forethought " in order to find him guilty.

The jury were fully instructed with reference to the " intent," which must charac-
terize the act, and there was no error in the judge's refusal to charge as re-
quested as to malice forethought; these words are not made essential by the
Statute.

The judge was also requested to specially instruct the jury with reference to
drunkenness as a defence in a criminal case.

In his charge the jury was fully instructed on the subject; the special charge re-
quested would not have added to the principle as explained. There was no
substantial difference between the charge requested and that which was given.

APPEAL from the First District Court for the Parish of Caddo.
Hicks, J.

W. H. Rogers, Attorney General, for the State and Appellee.

J. W. Jones, for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J. The defendant was indicted for burglary in the night

time, with intent to kill and murder.    He was found guilty without capital punishment, and prosecutes the appeal.

He alleges error of the trial judge in refusing to charge that the crime was committed with " malice forethought."

The defendant was charged with the crime of burglary under Section 850 of our Statute, viz:    " Whoever, with intent to kill, rob, steal, commit rape or any other crime, shall in the night time break or enter, or having with such intent, entered in the night time, break a dwelling house, any person being lawfully therein, and such offender being at the time of such breaking or entering armed with a dangerous weapon, or arming himself in such house with a dangerous weapon, or committing an actual assault upon any person lawfully being in such houses, any person present aiding, assisting or consenting in such burglary, or accessory thereto before the fact by counseling, hiring or procuring such burglary to be committed, on conviction shall suffer death."

The indictment charges that the accused " did wilfully and feloniously with intent to kill, in the night time break and enter the house of Laura Collins," and others named "being lawfully therein, and said Jack Willis being, at the time of such breaking and entering, armed with a dangerous weapon, did then and there wilfully and feloniously of his malice forethought make a murderous assault upon Laura Collins, Ed. Collins, Lucinda Willis, them to kill and murder."

The defendant contends that to justify a verdict of guilty as charged in the indictment the specific intent to kill with malice forethought should have been charged, and that in the absence of malice forethought in case of killing, the offence could not have been murder, but manslaughter.

The trial judge, in his instructions to the jury, charged fully and clearly as to the intent necessary to constitute the offence and stated that the intent is the specific intent to kill any one of the parties named in the indictment.

The request to instruct as made to appear in the bill taken, had for purpose special instruction with reference to "malice forethought" and counsel for the defendant assumes that without this special charge the verdict is null.

The words " malice forethought," used in the indictment, were not necessary, and therefore there was no necessity to charge that the accused to be found guilty acted with malice forethought.

State vs. Willis.

It was only needful to charge the intent, and this was done.

The Statute requires an actual assault, or an assault, in this case, with intent to kill, not an assault made with intent to murder.

The crime was charged in the words of the Statute or its equivalent. This was all that was necessary. State vs. Benjamin, 7 An. 47; State vs. Jerome Hick, 41 An. 83; State vs. Brady et als, 39 An. 688; State ex rel. Otis vs. Mouton, Judge, 42 An. 1160; 1 Whorton Crim. Law, 7 Ed., Section 402.

Three bills of exceptions were taken to the trial judge's refusal to charge specially with reference to drunkenness as a defence in a criminal trial.

These bills are similar and differ only in language.

The purpose is the same and is expressed by the following, copied from the first reserved:

"The prisoner is not liable criminally as charged in the indictment, if at the time he was too drunk to know what he was doing, unless the specific intent to kill and murder with malice forethought is proven beyond a reasonable doubt."

The doctrine of drunkenness as a defence was explained to the jury, and they were instructed that if at the time the accused was so drunk as to be incapable of the intent charged he could not be found guilty; if he was drunk but had mind enough to comprehend what he was doing; if knowing right from wrong and contemplating and intending before hand and at the time to kill, as alleged in tne indictment, drunkenness is not an excuse.

If the act was voluntary, the volition sufficiently intelligent to show the intent, drunkenness is not available to disprove the intent.

So long as the offender is capable of conceiving a design, he will be presumed, in the absence of the proof to the contrary, to have intended the natural consequence of his acts.

Under the instructions given, which were full, the jury determined his intent by all the facts and circumstances in evidence.

The last bill was taken to the refusal to charge the jury as follows, viz: "The proof must satisfy the jury that the intent was in fact the same which was charged in the indictment."

The charge is specific with reference to intent.

We have already decided that malice forethought was not an ingredient of the crime. If a man intends to do what he is conscious the law denounces, there need be no other evil intent.

After a fair hearing, a jury of the vicinage have found the defendant guilty. Specific intent and purpose needful to conviction were fully dwelt upon in the charge. The verdict, the sentence and judgment are legal.

The accused can receive no relief from this court.

Judgment affirmed.